# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **HUDSON PECAN COMPANY, INC.**, | |
| Plaintiff, | |
| v. | Civil Action No. 7:18-CV-46 |
| **JAIN IRRIGATION, INC., TWC DISTRIBUTORS, INC., and TERRY TUCKER**, | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff Hudson Pecan Company, Inc.'s ("Hudson") Motion to Remand. (Doc. 11). On April 13, 2018, Hudson filed an amended complaint adding Terry Tucker as a party defendant pursuant to Federal Rule of Civil Procedure 15. (Doc. 10). The addition of Tucker to this lawsuit destroys diversity jurisdiction and necessitates remand. Defendants do not oppose either the inclusion of Tucker as a party or the motion to remand.

An action filed in a State court may be removed to a federal district court based diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction is possible when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). "If after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Remand is required if the plaintiff has even an "arguable claim" against the joined party, meaning "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1298-99 (11th Cir. 2007).

Defendant Jain Irrigation, Inc. ("Jain"), with the consent of Defendant TWC Distributers, Inc. ("TWC"), removed this action from the Superior Court of Irwin County on March 26, 2018 on the basis of diversity jurisdiction. (Doc. 1). As alleged in the Notice of Removal, Hudson is a Georgia corporation whose principal place of business is in Georgia. (Doc. 1, ¶ 4). Jain is a Delaware corporation whose principal place of business is in California. (Id. at ¶ 5). TWC is a Florida corporation whose principal place of business is in Florida. (Id. at ¶ 6). Thus, at the time of removal there was complete diversity of citizenship.

This case involves purportedly defective irrigation tubing manufactured by Jain that Hudson purchased in 2017. (Doc. 1-2, ¶¶ 1-2). Hudson initially filed this lawsuit against Jain and TWC, who Hudson alleges is a distributer of Jain irrigation products and sold the tubing to Hudson. (Id.). In the course of discovery, however, TWC identified Terry Tucker as a potential necessary party to the lawsuit. (Doc. 11-1, ¶ 1). According to TWC, Tucker was the seller of the irrigation products. (Id.). Hudson thereafter, with the consent of Defendants,

amended its complaint to add Tucker as a defendant. (Doc. 10). The addition of Tucker, who is a resident of Irwin County, Georgia, destroys diversity between the parties. (Doc. 11, ¶ 1).

There being no objection to the joinder of Terry Tucker as a necessary party to this lawsuit, and it being apparent that the addition of Tucker destroys diversity jurisdiction, the Court **GRANTS** Plaintiff's motion and remands this case to the Superior Court of Irwin County for further adjudication.

**SO ORDERED** this 18th day of April, 2018.

_s/ Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

aks